Javier L. Merino
The Dann Law Firm, PC
372 Kinderkamack Road, Suite 5
Westwood, NJ 07675
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com

Joshua W. Denbeaux
Denbeaux & Denbeaux
372 Kinderkamack Road, Suite 5
Westwood, NJ 07675
Telephone: (201) 664-8855
Fax: (201) 666-8589 (fax)
jdenbeaux@denbeauxlaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **STACI SONDRINI,** | Case No.:  -20-cv- |
| Plaintiffs, | |
| vs. | **COMPLAINT FOR DAMAGES** |
| **PHH MORTGAGE CORPORATION**, | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | |

Plaintiff Staci Sondrini ("Plaintiff" or "Sondrini"), by and through counsel, for his Complaint against Defendant PHH Mortgage Corporation ("PHH") states:

**WHY SONDRINI IS FILING THIS COMPLAINT**

1.  This Complaint concerns material errors that PHH made by failing to implement a loan modification. PHH's unconscionable actions in breaching Sondrini's loan modification offer and simultaneously causing her home to be sold at foreclosure auction caused her extreme emotional distress and ascertainable financial loss. PHH's actions did not meet the minimal standards of conduct for debt collectors under the FDCPA, and PHH has caused Sondrini great

financial damage, humiliation, suffering, stress, and emotional distress, further damage to her credit standing, and forced Sondrini to incur attorneys' fees, all of which will appear more fully below.

## PARTIES, JURISDICTION, AND VENUE

2. Sondrini is the owner of real property, located at and commonly known as 117 Joyce Way, Berlin, NJ 08009 (the "Home").

3. Sondrini has maintained the Home as her primary, principal residence at all times relevant to the Complaint.

4. PHH is the current servicer of a note executed by Sondrini (the "Note") and of a mortgage on the Home that allegedly secures the Note (the "Mortgage") (collectively, the "Loan"). A copy of the Loan is attached as **Exhibit A**.

5. Sondrini obtained the Loan for household purposes, namely the purchase of the Home that she occupies as her primary residence.

6. PHH services the Loan on behalf of Deutsche Bank National Trust Company, as Trustee for New Century Home Equity Loan Trust, Series 2005-D, Asset Backed Pass-Through Certificates ("Deutsche Bank"). PHH has serviced the Loan since at least July 19, 2019, upon obtaining servicing rights to the Loan from non-party Ocwen Loan Servicing, LLC ("Ocwen"). The Loan was in default at the time PHH acquired servicing rights.

7. PHH is doing business in the State of New Jersey as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), as this action arises out of PHH's violations of the FDCPA.

9. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as Sondrini maintains the Home and resides within this District, PHH does business within this District, and the conduct giving rise to the causes of action in this Complaint, *infra*, occurred primarily within this District.

## SUMMARY OF CLAIMS

10. Congress enacted the FDCPA to prohibit the "[u]se of abusive, deceptive, and unfair debt collection practices." 15 U.S.C § 1692(a).

11. Sondrini asserts claims for relief against PHH for breaches of the specific rules under the FDCPA as set forth, *infra*.

12. Sondrini has a private right of action under the FDCPA pursuant to 15 U.S.C. § 1692k(a) for the claimed breaches and such action provides for remedies including actual damages, statutory damages, and attorneys' fees and costs.

13. Sondrini additionally asserts statutory claims against PHH for violations of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2 ("CFA") and common law claims for breach of contract, breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, and conversion.

## FACTUAL BACKGROUND

14. During 2018, Sondrini experienced income-related hardships, and in 2019, Deutsche Bank commenced a foreclosure action against Sondrini in the Superior Court of New Jersey, Camden County, Chancery Division, stylized *Deutsche Bank v. Staci Sondrini, et al*., assigned docket number F-001068-19 (the "Foreclosure Matter"). A copy of the Foreclosure docket sheet is attached as **Exhibit B**.

15. During 2019, Sondrini applied for a loan modification through PHH. Through correspondence dated July 19, 2019, PHH advised Sondrini that she was approved for a loan

modification trial period plan (the "TPP"). A copy of the TPP is **Exhibit C**. The TPP stated that Sondrini was approved to enter into a trial period plan under a PHH Mortgage Services Modification Plan.

16. Sondrini timely remitted the three (3) payments due under the TPP and otherwise timely executed and returned the documents necessary to effectuate the TPP.

17. On or about December 9, 2019, Sondrini timely made her fourth TPP payment, waiting for the permanent modification PHH promised her. During this period of time, PHH repeatedly assured Sondrini that the sale date on her home would be postponed during the TPP. In January 2020, Sondrini timely made her fifth TPP payment.

18. On January 22, 2020, unbeknownst to Sondrini, PHH caused Deutsche Bank to sell Sondrini's home at a foreclosure auction to a third-party bidder.

19. At about 4:20 p.m. on January 22, 2020 Sondrini arrived home from work. When she arrived, she noticed a few vehicles parked out front along the curb line, all of which had Delaware license plates. One vehicle was a large white Dodge pickup truck, and another was a white Ford Mustang with a black convertible ragtop.

20. Sondrini's mailbox is located across the street from her Home. As she went to recover her mail from the mailbox and return to her Home, there were two (2) men standing in her driveway and blocking her from accessing her property.

21. Sondrini's husband was on a family vacation. As a woman home alone with a disabled child, this terrified Sondrini. She walked around the men as far as she could to get into her Home, and the men shouted to her "we bought this house today, lady" and further approached her towards her Home. Sondrini requested the men provide identification, and they refused. Instead, they menaced Sondrini and told her "we now own this house and you have to leave now."

22. Eventually, she was able to get past the menacing men and made it into her home. She then reviewed her mail and noticed a letter from non-party NewRez, LLC ("NewRez"), dated January 8, 2020. A copy of the letter is attached as **Exhibit D**. Through the letter, NewRez told Sondrini she was no longer eligible for the loan modification and falsely claimed that Sondrini "failed to return the final modification agreement within the required timeframe".

23. Contrary to NewRez's false claims, as of January 22, 2020, Sondrini had never received a final modification agreement from PHH.

24. Shocked, Sondrini immediately contacted PHH and spoke with Sienna, ID # XXM. Sondrini updated Sienna on the sale of the home and the Newrez letter, and Sienna advised "I'm sorry for your inconvenience but I see in the notes that we mailed you a document that needed to be signed and returned and you didn't do that." Sondrini pleaded to speak with a manager or another individual who could assist her as PHH had committed a significant and harmful error.

25. The following morning, Naveen, assigned ID # UVRY8, contacted Sondrini. Sondrini again pleaded her case to Naveen and advised him that she had *never* received the modification agreement. Naveen then falsely claimed that PHH attempted to contact Sondrini multiple times. In fact, PHH had never left any voicemails for Sondrini.

26. That weekend, another individual approached her home and looked around the side yard. On January 27, 2020, a man came up to Sondrini's door and left a large note on her storm door telling Sondrini to "contact me regarding your moving situation". The man left his name (Eric) and a Delaware phone number.

27. Frantic, Sondrini retained and paid counsel to file an Order to Show Cause Seeking Emergent Relief (the "OTSC") in the Foreclosure Matter. Through the OTSC, Sondrini asked the

court to enjoin PHH and Deutsche Bank from transferring the sheriff's deed to the third-party bidder in light of PHH's actions in breaching the TPP. *See* Exhibit B.

28. That day, the court granted Sondrini's OTSC, enjoining PHH and Deutsche Bank from transferring the Deed pending a return date of February 25, 2020. A copy of the order is attached as **Exhibit E**. The parties thereafter adjourned the hearing to April 23, 2020.

29. Instead of attempting to fix its egregious acts, PHH chose to fight the OTSC, and on April 16, 2020, it filed its opposition to the OTSC.

30. Through its opposition, PHH again falsely claimed that it mailed the final agreement to Sondrini on December 5, 2019. PHH enclosed an internal screen shot of its Consolidated Notes Log in an attempt to bolster its claim. A copy of the screenshot is attached as **Exhibit F**. *Notably, the screenshot is dated February 13, 2020, over three (3) months after the alleged mailing and almost two (2) months after the OTSC filing*.

31. On June 16, 2020, the court entered an order granting the OTSC, reversing the January 22, 2021 sheriff's sale, ordering Sondrini to execute and return the Final Modification, and most importantly, enforcing the Final Modification between the parties. A copy of the order is attached as **Exhibit G**.

32. On June 12, 2020, Sondrini executed and returned the Final Modification in full compliance with the June 16, 2020 Order. According to USPS Tracking, the Modification was delivered to counsel for PHH on June 24, 2020. A copy of the executed Modification and the USPS Tracking is attached as **Composite Exhibit H**.

33. On July 31, 2020, PHH caused Deutsche Bank to file a Notice of Appeal of the June 16, 2020 order. A copy of the Notice of Appeal is attached as **Exhibit I**.

6

34. Thereafter, the parties participated in the Civil Appeals Settlement Program ("CASP") in an attempt to resolve the appeal. The mediation was ultimately unsuccessful.

35. Currently, Deutsche Bank's deadline to file its Appeal is January 20, 2021. A copy of Deutsche Bank's December 14, 2020 Adjournment Request is attached as **Exhibit J**.

36. Sondrini has continued incurring attorneys' fees and costs in defending the appeal.

37. Since the court's June 16, 2020 Order, Sondrini has timely remitted, and PHH has accepted, Sondrini's payments. In total, Sondrini tendered an *additional* seven (7) monthly payments of $1,561.40. Yet, as of this date, PHH *still* refuses to honor the TPP and enforce Final Modification and further refuses to obey the Order of the Chancery Court … the Defendant has still not returned the property to Sondrini's name.

38. PHH further refuses to properly credit the payments that Sondrini has made to her account.

## IMPACT AND DAMAGE TO SONDRINI

39. PHH failed to properly service the Loan which has directly and proximately caused the following damages to Plaintiff:

(a) PHH failed to provide the Final Modification to Sondrini, preventing Sondrini from saving her Home by obtaining the payment relief that the Final Modification would have provided to her;

(b) Sondrini remitted $18,735.80 in modification payments, relying on the express promise of a permanent modification;

(c) Sondrini incurred approximately $2,500.00 in legal fees and costs to file the OTSC to prevent PHH and Deutsche Bank from consummating the sheriff's sale on her Home;

7

(d) Sondrini incurred an *additional*, approximate $20,500.00 in legal fees and costs to defend PHH and Deutsche Bank's appeal of the order reversing the sheriff's sale and enforcing the modification;

(e) Facing the imminent prospect of being evicted from her home, in February 2020, Sondrini began renting a storage unit at the cost of $129.02/month.;

(f) Sondrini's husband faced severe emotional distress driven by the continued fear of losing their Home. Between learning of PHH's egregious actions in selling the home and men repeatedly harrasing Sondrini and her family about the house no longer belonging to them, his health began failing. On or around February 2020, he visited a doctor and obtained emergency health insurance to obtain x-rays and have lab work conducted. Despite the tests and over the counter medication, he began feeling worse and worse. His condition significantly worsened, and on or around March 3, 2020, Mr. Sondrini drove himself to hospital. At the hospital, he was advised that he is in congestive heart failure with a heart that was only functioning at approximately ten percent (10%).  PHH's actions caused Mr. Sondrini such traumatic stress that it caused him Broken Heart Syndrome.

(g) Sondrini has suffered an unnecessary delay in the rehabilitation of her credit standing which should have begun upon her completion of the TPP by way of the Modification;

(h) The lost opportunity of a permanent loan modification upon the completion of the TPP; and,

(i) Great emotional distress driven by the continued fear of losing her Home in foreclosure, which has resulted in anxiety and other mental distress. In particular, Sondrini increased in her antidepressant medication and other anxiety medication since the January

22, 2020 sale. Sondrini lives in constant fear that one day, someone will show up to her home and forcefully evict her.

40. As of this date, PHH refuses to honor the TPP and enforce the Final Modification.

## COUNT ONE
## VIOLATION OF N.J.S.A § 56:8-2, THE CONSUMER FRAUD ACT (CFA)

41. Sondrini restates and incorporates all of the statements and allegations contained in paragraphs 1 through 40, in their entirety, as if fully rewritten herein.

42. The CFA prohibits:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate...

N.J.S.A. § 56:8-2.

43. In the operation of its business, PHH has engaged in the use of unconscionable commercial practices, as described, *supra*.

44. Each unconscionable practice, false promise, and misrepresentation described, *supra*, constitutes a separate violation under the CFA.

45. PHH is a "person" as defined by N.J.S.A. § 56:8-1(d) because PHH is a partnership, corporation, company, trust, business entity, or business association.

46. Sondrini, relying on the express terms of the TPP, complied with all the obligations as required by the TPP by making the required TPP payments and executing and returning the TPP documents. *See* Exhibit C.

47. PHH failed to provide the Modification to Sondrini after the successful completion of the TPP. Instead, PHH falsely alleged it mailed the Modification to Sondrini on December 4,

9

2019 and relied upon that false misrepresentation to cause Deutsche Bank to sell Sondrini's Home at foreclosure auction on January 22, 2020. PHH's actions in refusing to honor the promised Modification and instead causing Sondrini's Home to be sold at auction constitute deception, false promises, misrepresentations, and unconscionable business practices under the CFA.

48. PHH's false claims regarding the timely mailing of the Modification, both to Sondrini directly and to the court, constitute affirmative misrepresentations under the CFA. *See* Exhibits D, F.

49. PHH's errors and refusals to correct their errors constitute false promises, misrepresentations, and/or unconscionable acts under the CFA

50. PHH's CFA violations have caused Sondrini the following ascertainable losses outlined in ¶ 39, *supra*.

## COUNT TWO
## VIOLATION OF 15 U.S.C. §§ 1692, *et seq*.

51. Sondrini restates and incorporates all of the statements and allegations contained in paragraphs 1 through 40, in their entirety, as if fully rewritten herein.

52. A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

53. PHH's conduct violated 15 U.S.C. § 1692d in that PHH engaged in behavior the natural consequence of which was to harass, oppress, or abuse Sondrini in connection with the collection of a debt. Specifically, PHH breached the TPP, refused to extend the promised Modification, and instead caused Sondrini's Home to be sold at foreclosure auction.

54. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

55. PHH's conduct violated 15 U.S.C. § 1692e in that PHH used false, deceptive, or misleading representations in connection with the collection of a debt. Specifically, PHH promised Sondrini a Final Modification in exchange for her compliance with the TPP. Despite Sondrini's compliance with the same, PHH breached the agreement and instead caused Sondrini's Home to be sold at foreclosure auction on January 22, 2020.

56. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

57. PHH's conduct violated 15 U.S.C. § 1692f in that PHH used unfair or unconscionable means in connection with the collection of a debt. Specifically, PHH promised Sondrini a Final Modification in exchange for her compliance with the TPP. Despite Sondrini's compliance with the same, PHH breached the agreement and instead caused Sondrini's Home to be sold at foreclosure auction on January 22, 2020.

58. As a result of PHH's actions, PHH is liable for actual damages, statutory damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1692k.

### COUNT THREE
### BREACH OF CONTRACT

59. Sondrini restates and incorporates all of the statements and allegations contained in paragraphs 1 through 40, in their entirety, as if fully rewritten herein.

60. The TPP is an enforceable contract between Sondrini and PHH. *See* Exhibit C.

61. Sondrini complied with the TPP by remitting all required payments and timely executing and returning the TPP.

62. PHH breached the contract by failing to honor the express terms of the TPP by refusing to provide the Modification to Sondrini.

63. PHH breached the TPP. The breach is one of bad faith as demonstrated by the above allegations. PHH failed to properly process and mail the Modification as required by the TPP. Instead, PHH caused Deutsche Bank to sell Sondrini's Home at a foreclosure auction.

64. PHH owed Sondrini a fiduciary duty to handle the Modification properly and in accordance with the TPP. PHH breached their duty by failing to provide the Modification to Plaintiff.

65. Further, PHH's intentional and knowing conduct has caused Sondrini to suffer extreme emotional distress driven by the fear that she would lose her Home which has resulted in loss of sleep, anxiety, depression, embarrassment, and other significant emotional distress, which was a foreseeable result of its breach of the TPP and the subsequent sale of her Home.

66. As a result of PHH's actions, PHH is liable to Sondrini for actual damages as further outlined in ¶ 39, *supra*.

## COUNT FOUR
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

67. Sondrini restates and incorporates all of the statements and allegations contained in paragraphs 1 through 40, in their entirety, as if fully rewritten herein.

68. PHH is in privity of contract with Sondrini through the Loan and the TPP, and as such, PHH is obligated by contract and common law to act in good faith and to deal fairly with Plaintiff. *See* Exhibits A, C.

69. The purpose of the covenant of good faith and fair dealing is to guarantee that the parties remain committed to the intended and agreed upon expectations of the parties in their performance.

70. PHH has breached this duty by failing to provide the Modification to Sondrini despite her compliance with the TPP and instead causing Sondrini's Home to be sold at foreclosure auction.

71. PHH has further breached this duty by failing to correct their errors and making false claims of the timely mailing of the Modification.

72. PHH has acted in bad faith, dishonestly, and with an improper motive to injure the rights of Sondrini.

73. Sondrini has suffered, and continues to suffer, significant damages including other legal expenses, other economic loss, as well as anxiety, loss of sleep, and emotional and mental distress.

74. Due to PHH's conduct, Sondrini has suffered the actual damages outlined in ¶ 39, *supra*.

## COUNT FIVE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

75. Sondrini restates and incorporates all of the statements and allegations contained in paragraphs 1 through 40, in their entirety, as if fully rewritten herein.

76. PHH engaged in extreme and outrageous conduct as alleged herein. PHH acted intentionally or recklessly, in breaching the TPP, misrepresenting to Sondrini (and the Foreclosure Court) that they mailed her a Final Modification agreement, and simultaneously causing her home to be sold at foreclosure action, all of which produced Sondrini's emotional distress.

77. PHH acted with reckless disregard for the probability that its conduct would cause emotional distress to Sondrini who was wrongfully denied a permanent Modification and foreclosed upon.

78. As a direct and proximate result of PHH's conduct, Sondrini has suffered both monetary losses and emotional distress as plead, *supra*, at ¶ 39.

79. Sondrini's emotional distress was so severe that no reasonable person could be expected to endure it.

80. The damage to Sondrini was foreseeable because PHH knew Sondrini would lose her home after PHH improperly denied Sondrini a loan modification. PHH was simultaneously pursuing the sale on Sondrini's Home while promising her a permanent Modification in exchange for compliance with the TPP.

81. As PHH's conduct was willfully and wantonly reckless or malicious, Sondrini is entitled to punitive damages.

### COUNT SIX
### CONVERSION

82. Sondrini restates and incorporates all of the statements and allegations contained in paragraphs 1 through 40, in their entirety, as if fully rewritten herein

83. Since PHH extended the TPP, Sondrini has entrusted PHH with approximately $17,208.40 in exchange for the promise of a permanent Modification Agreement.

84. As of this date, PHH refuses to honor the Permanent Modification.

85. As a result of the unlawful retention of Sondrini's by PHH, Sondrini has been harmed.

86. As a result of PHH's actions, PHH is liable to Sondrini for the $17,208.40 in tendered TPP payments.

## CONCLUSION

87. PHH's failures to honor Sondrini's TPP and decision to instead cause Sondrini's home to be sold at foreclosure auction, are consistent with PHH's continuing poor mortgage servicing practices and non-compliance with the FDCPA and its common law and statutory duties to Sondrini.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Staci Sondrini prays that this Court enter its order granting judgment against Defendant PHH Mortgage Corporation, as follows:

A. For actual damages as to Counts Two through Six;

B. For statutory damages of up to One Thousand Dollars ($1,000.00) for violating the FDCPA as to Count Two;

C. For attorneys' fees and costs as to Counts One and Two;

D. For treble damages, attorneys' fees, and costs as to Count One;

E. For emotional distress damages as to Counts Two through Five;

F. For punitive damages as to Counts Two through Five; and

G. Such other relief which this Court may deem appropriate.

Respectfully submitted:

/s/ Javier L. Merino
Javier L. Merino
The Dann Law Firm, PC
372 Kinderkamack Road, Ste. 5
Westwood, NJ 07675
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Counsel for Plaintiff John Sondrini*

>Joshua W. Denbeaux
>Denbeaux & Denbeaux
>372 Kinderkamack Road, Suite 5
>Westwood, NJ 07675
>Telephone: (201) 664-8855
>Fax: (201) 666-8589 (fax)
>jdenbeaux@denbeauxlaw.com
>*Co-Counsel for Plaintiff John Sondrini*

## **JURY DEMAND**

Sondrini hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

*/s/ Javier L. Merino*
Javier L. Merino
The Dann Law Firm, PC
*Counsel for Plaintiff Staci Sondrini*
